# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-2270** |
| | : | |
| **ETHEL SEMBROT**, *et al* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                 September 28, 2018

Charles Talbert's most recent *pro se* complaint for which we again granted him *in forma pauperis* status seeks damages from an individual for reporting him to a police detective for an unknown reason resulting in the Commonwealth charging him with a crime for which he served four months in prison awaiting trial. We have no idea what the individual told the detective. We cannot guess as to whether the detective could have had probable cause for the investigation and possible arrest. Mr. Talbert fails to plead facts required for this analysis. We grant the individual's and detective's motions to dismiss his amended complaint with one last leave for Mr. Talbert to plead facts required under the Federal Rules of Civil Procedure. We deny the detective's request to revoke Mr. Talbert's *in forma pauperis* status as moot without prejudice to be renewed should Mr. Talbert file a frivolous second amended complaint.

### I. Alleged facts.

Ethel Sembrot made "false accusations to [Detective Keith] Chait" on October 26, 2017, and [Detective] Chait "believed [them] without evidence."[1] Those "false accusations" caused the

Philadelphia police to arrest Mr. Talbert on October 31, 2017.[2] Mr. Talbert went to prison "for several months," during which he experienced "inhumane conditions of confinement."[3]

An unnamed actor discharged Mr. Talbert from prison in March 2018 "due to lack of evidence from [Ms.] Sembrot and [Detective] Chait having no probable cause and failing to appear."[4] Mr. Talbert then sued Ms. Sembrot and Detective Chait, alleging they conspired to have Mr. Talbert arrested based on false accusations in violation of his constitutional rights. Mr. Talbert *pro se* appears to allege causes of action for false arrest, false imprisonment, and intentional infliction of emotional distress. He seeks compensatory and punitive damages.

**II. Analysis**

Ethel Sembrot and Detective Keith Chait each move to dismiss Mr. Talbert's amended complaint under Federal Rule of Civil Procedure 12(b)(6); Detective Chait also seeks to revoke Mr. Talbert's *in forma pauperis* status.[5] Mr. Talbert has not filed an opposition. We grant the motions to dismiss mooting Detective Chait's request to revoke *in forma pauperis* status without prejudice should Mr. Talbert file a second amended complaint.

    **A.**    **Mr. Talbert bare legal conclusions do not state a claim.**

We must deny a motion to dismiss if the Plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] In considering a motion to dismiss, we "must accept as true all of the allegations contained in [the] complaint,"[7] but we "do not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."[8] The Supreme Court instructs "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9] While legal conclusions may "provide the framework of a complaint, they must be supported by factual allegations."[10] And [a]lthough the Court must

construe [Mr. Talbert's] allegations liberally because of his *pro se* status, [Mr. Talbert] must still plead more than 'labels and conclusions' to state a claim."[11] Even construing his complaint liberally, Mr. Talbert does not come close to meeting his burden to plead factual information showing relief is plausible.

Mr. Talbert fails to state a claim against Detective Chait for false arrest or false imprisonment because he alleges no facts about the information upon which Detective Chait relied. "To state a plausible claim for false arrest, false imprisonment, or malicious prosecution under the Fourth Amendment, a plaintiff must plead sufficient facts to support a reasonable inference that the defendants acted without probable cause and are not entitled to qualified immunity."[12] Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."[13] As this definition makes apparent, assessing probable cause is a "fact-intensive" inquiry in which we must assess all of the circumstances known to the officer.[14]

Mr. Talbert does not allege a single detail about the information Ms. Sembrot provided Detective Chait, the circumstances of his subsequent arrest, or the offense for which someone charged him resulting in a four month stay in prison. As in *Jenkins v. City of Philadelphia*, there are no "facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise."[15] We must dismiss the claim against Detective Chait.[16]

Mr. Talbert's complaint against Ms. Sembrot also fails because he does not allege facts showing Ms. Sembrot, a private party, acted "under color of any [state] statute, ordinance,

3

regulation, custom, or usage."[17] We may conclude a private party is a state actor under §1983 where the "private party is a 'willful participant in joint action with the State or its agents.'"[18] Mr. Talbert, however, fails to allege facts—as opposed to sweeping conclusory statements—Ms. Sembrot did anything but report conduct to the police. "Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor."[19] Judge Schiller's well-reasoned analysis in *Cooper v. Muldoon*, collects authority from around the country and addresses this principle in careful detail.[20] The plaintiff in *Cooper* sued Bank of America for false arrest, false imprisonment, and malicious prosecution after the bank called the local police to report him for attempting to pass a bad check. The court concluded Bank of America was not a state actor, because merely reporting a crime does not transform a private citizen into a state actor for the purposes of 42 U.S.C. § 1983, and the plaintiff made no allegations of a "pre-arranged plan or collaborative relationship."[21] Lacking any detailed factual allegations, we reach the same conclusion here.

Mr. Talbert also does not plead intentional infliction of emotional distress. To prevail on a state law claim of intentional infliction of emotional distress, "a plaintiff must prove that (1) the defendant engaged in conduct that was extreme and outrageous; (2) it must have been intentional or reckless; (3) i[t] must cause emotional distress; and (4) that distress must be severe."[22] This is a high bar, because "a plaintiff must prove that the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'"[23]

Mr. Talbert's conclusory allegations do not clear this high bar. Mr. Talbert fails to allege facts identifying the information Ms. Sembrot provided Detective Chait. Absent factual

4

allegations, we cannot conclude routine police activities are "beyond all possible bounds of decency."[24]

To the extent Mr. Talbert is challenging his pre-trial conditions of confinement, we have no fact basis to find a relationship between citizen Ms. Sembrot or Detective Chait in setting his conditions of confinement.

### III. Conclusion

In the accompanying Order, we grant Ms. Sembrot's and Detective Chait's motions to dismiss Mr. Talbert's amended complaint without prejudice to afford him one last chance to timely plead facts which may state a claim consistent with Fed.R.Civ.P. 11.[25]

---

[1] ECF Doc. No. 14, at ¶ 4.

[2] *Id.*, at ¶ 6.

[3] *Id.*, at ¶¶ 10–11.

[4] *Id.*, at ¶ 14.

[5] *See* ECF Doc. Nos. 17, 19. When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded

factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[7] *Id.*

[8] *Atun El v. United States*, No. 13-3970, 2014 WL 1281230, at *1 (E.D. Pa. Mar. 31, 2014).

[9] *Iqbal*, 556 U.S. at 678.

[10] *Id.* at 679.

[11] *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *2 (E.D. Pa. Sept. 23, 2015) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555).

[12] *Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014) (footnote omitted).

[13] *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (citation and internal quotation marks omitted).

[14] *Id.* at 468.

[15] *Jenkins*, 2015 WL 5585186, at *3.

[16] *Id.*

[17] 42 U.S.C. § 1983.

[18] *Pugh v. Downs*, 641 F. Supp. 2d 468, 472 (E.D. Pa. 2009) (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 941 (1982)).

[19] *Cooper v. Muldoon*, No. 05-4780, 2006 WL 1117870, at *2 (E.D. Pa. Apr. 26, 2006).

[20] *Id.* (collecting cases).

[21] *Id.*

[22] *Olender v. Twp. of Bensalem*, 32 F. Supp. 2d 775, 791–92 (E.D. Pa. 1999), *aff'd sub nom. Olender v. Rubenstein*, 202 F.3d 254 (3d Cir. 1999) (Table).

[23] *Id.* at 792 (quoting *Hoy v. Angelone*, 720 A.2d 745, 753–54 (Pa. 1998)).

[24] *Id.* (citation and internal quotation marks omitted).

[25] *Jenkins*, No. 15-3271, 2015 WL 5585186, at *4.