# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 18-2270** |
| | : | |
| **ETHEL SEMBROT,** *et al* | : | |

## ORDER

**AND NOW**, this 28th day of September 2018, upon considering Defendant Chait's Motion to dismiss and revoke Plaintiff's *in forma pauperis* status (ECF Doc. No. 17), Defendant Sembrot's Motion to dismiss (ECF Doc. No. 17), without opposition and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. Defendants' uncontested Motions to dismiss (ECF Doc. Nos. 17, 19) are **GRANTED without prejudice** to Plaintiff filing a second amended complaint consistent with federal law and Fed.R.Civ.P. 11 no later than **October 29, 2018**; and,

2. We **deny** Defendant Chait's motion to revoke Plaintiff's *in forma pauperis* status as moot[1] at this stage, without prejudice to be renewed should Plaintiff file a second amended complaint which is frivolous.

                                                    _____
                                                    **KEARNEY, J.**

---

[1] We may deny a non-prisoner litigant *in forma pauperis* status under 28 U.S.C. §§ 1915(e) or 1915(a). We are required to deny a litigant this status if we find the litigant's claim is frivolous, malicious, or fails to state a claim under 28 U.S.C. 1915(e). Congress created *in forma pauperis* "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The purpose of this status is to ensure equal access to the

justice system regardless of a person's inability to pay court filing and administrative fees. *Jones v. Zimmerman*, 752 F.2d 76, 78-79 (3d Cir. 1985). Congress also recognizes indigent persons can abuse their cost-free access to the court through their pauper status. *Nietzke*, 490 U.S. at 324. Under 28 U.S.C. § 1915(e), Congress provided a mechanism requiring courts to deny a litigant from proceeding *in forma pauperis* if we find the litigant's claims frivolous. *Ball v. Famiglio*, 726 F.3d 448, 462 n.18 (3d Cir. 2013). A claim is deemed frivolous under 28 U.S.C. §1915(e) "if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch v. United States*, 67 F.3d 1080, 1082 (3d Cir. 1995). We are required to "assess an *in forma pauperis* complaint from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Id.* at 1086.

We may also exercise our discretion to revoke *in forma pauperis* status from litigants who abuse their status under 28 U.S.C. § 1915(a). *Aruanno v. Davis*, 168 F. Supp. 3d 711, 715 (D.N.J. 2016). Courts have "inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.8 (1989) (internal quotations omitted). We may deny a non-prisoner litigant's *in forma pauperis* status if the litigant abuses their status by excessively filing claims resulting in dismissal. *Douris v. Middletown Twp.*, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Mr. Talbert has filed dozens of cases in the recent past, some which we have dismissed and some of which the parties settled. As we are dismissing this case, we will wait to see if his next filing is not frivolous.