Charles Talbert
PPN: 810247
PICC
8301 State Road
Phila. PA. 19136

October 4, 2018

18-2270

FILED
OCT 12 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

United States District Court
Eastern District of Pennsylvania

Charles Talbert       . Civil Action No. 18-2218-MAK
    v.                . Motion For Summary Judgment
Ethel Sembrot, etal.  . On The Pleadings.

    Pro se Plaintiff, Charles Talbert, hereby files this motion for summary judgment on the pleadings against Defendant(s) Keith Chait (Chait), and Ethel Sembrot (Sembrot).

    Summary judgment on the pleadings is sought against both Defendants for violating Plaintiffs' Fourth and Fourteenth amendments of the Federal Constitution for causing Plaintiff to be unlawfully and unconstitutionally arrested, and thereafter imprisoned, on false, and fraudulent representations, without probable cause.

    Motives of personal hostility from Sembrot to make false and fraudulent allegations to Chait against Plaintiff, and motives of personal hostility from Chait to carry out Sembrot' knowing false and fraudulent allegations to initiate criminal charges against Plaintiff are both, due to Sembrot seeking to retaliate against Plaintiff for him letting her know that he would inform her boss at the Beasley Firm in Center City of her using drugs to which Sembrot then sought to stop Plaintiffs' lawful aforesaid actions by making false allegations against Plaintiff to have him arrested; and by Chait seeking to retaliate against Plaintiff for him in the past exercising his First Amendment right to Petition this Court against Chait.

    Both Defendants herein knew that the allegations upon Plaintiff were false and fraudulent, yet both being of white race and with both having motives to retaliate, Defendants defamed Plaintiffs character, through conspiracy under Title 42 USCS 1985, caused Plaintiff to be placed under arrest on an invalid warrant and thereafter falsely imprisoned for several months until Plaintiff had

all criminal charges that were filed against him dismissed, due to both Defendant's failing to come to court to testify, to which furthermore demonstrates illegal conduct on their behalf, by way of contempt of court and obstructing the administration of justice, by them acknowledging their court ordered subpoena's, yet, intentionally, disregarding them due to their honest fear of perjuring themselves on the witness stand.

Senbrot, as a private citizen, participated in the illegal arrest, detention, and/or imprisonment of Plaintiff, by her false and fraudulent representations to Chait, that had eventually commenced a criminal prosecution against the Plaintiff until all charges were eventually dismissed following the aforesaid malicious prosecution.

Chait, acted in a careless manner, to which had thereafter initiated an invalid warrant for Plaintiffs' Arrest.

In, Waters v. Cheltenham Township, 700 Fed. Appx. 149, (3rd Cir. 2017), the Third Circuit Court of Appeals stated:

For a plaintiff to prevail on a malicious prosecution under 1983, he must prove five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiffs' favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice and; (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

In, Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000), the Court therein stated:

A false imprisonment claim as covered by the Fourth Amendment, is sufficiently alleged given (1) the length of time of plaintiffs' wrongful incarceration; (2) the ease with which the evidence exculpating plaintiff, which was in the officers' possession, could have been checked and; (3) the alleged intentionality of the investigating officers' behavior.

In, the Pennsylvania Law Encyclopedia, the Law states:

When false imprisonment has been shown, there is liability on the part of all persons who caused or participated therein. Thus, all persons acting under an invalid warrant or participating in an illegal detention are liable for false imprisonment...

A private citizen is guilty of false imprisonment who causes

unlawful confinement after arrest.... A party who, by her complaint, procures an unjustified arrest is liable, even though she may not have expressly directed the officer to make the arrest.

In, Griffin v. Breckenridge, 403 US 88, 29 L.Ed 2d 338, 91 S.Ct. (1971), the United States Supreme Court stated:

A conspiracy by private persons.... is covered by 42 USCS 1985 (3), which authorizes the recovery of damages where two or more persons "conspire".... for the purpose of depriving any person .... of the equal protection of the laws. .... class-based invidiously discriminatory animus behind the conspirators action is required.

In, ZS Associates, Inc. v. Synygy, Inc., (EDPa 2011), the Third Circuit stated:

In Pennsylvania, a plaintiff claiming defamation bears the burden of proving: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; and (5) the understanding by the recipient of it as intended to be applied to the plaintiff. 42 Pa. Cons. Stat. Ann. 8343 (a).

WHEREFORE, Plaintiff has clearly demonstrated how Defendants herein violated his First, Fourth, and Fourteenth Amendment rights by way of retaliation; conspiracy by way of race, and/or, other aforementioned discriminatory animus behind defendants' actions herein; false and fraudulent representations which led to defamation, as the publication(s) initiated by Defendants, led to a malicious prosecution, and false imprisonment.

Pursuant to Rule 12 (c), Plaintiff has demonstrated that the evidence in this civil matter demonstrates that there is absolutely no material dispute of fact and that Plaintiff is entitled to judgment as a matter of law.

Plaintiff now seeks $100,000.00 in damages against Defendants, along with any costs and interest. An evidentiary hearing is requested.

Respectfully Submitted,
All Rights Reserved
Charles Talbert, Pro Se Plaintiff

10/4/18

C. Talbert
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN 810241

Honorable Mark A. Kearney, USDJ
U.S. Courthouse
601 Market Street
Philadelphia PA 19106




19106$1729 0019

U.S.M.S.
X-RAY